IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EARL D. AMBROSE,

      Plaintiff,

v.                                                                CIVIL ACTION NO. 2:12-CV-28
                                                                           (Judge Bailey)

STATE OF WEST VIRGINIA,
ZACHARY L. NINE,
CHRISTOPHER C. WILKES,
GREGORY JONES,

      Defendants.

## Report and Recommendation

The plaintiff, a *pro se* inmate currently incarcerated at the Eastern Regional Jail in Martinsburg, West Virginia, initiated this case pursuant to a civil rights complaint filed on April 16, 2012. (Doc. No. 1). This case is now before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

## I. The Complaint

In his complaint, Plaintiff seeks damages for various Defendant actions undertaken during the course of his arrest and conviction. First, Plaintiff alleges that he was the victim of false arrest. Second, Plaintiff alleges that witnesses at his trial committed perjury, that there was insufficient evidence to support his conviction, and that he was forced to be a witness against himself. Third, Plaintiff alleges that his conviction has resulted in severe stress and injury to his reputation.

As to damages, Plaintiff seeks compensation in the amount of $20 Million. He also seeks that his freedom be restored and his record expunged.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are indisputably meritless, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Analysis

A. The State of West Virginia

The claims against the State of West Virginia should be dismissed because a state is not a proper defendant in an action created under 42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a *person* acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547

U.S. 830, 838 (1982). The State of West Virginia is not a person, and it therefore is not a proper defendant in this action.

   B. Christopher C. Wilkes

The claims against Christopher Wilkes should be dismissed because he is protected by judicial immunity. The Supreme Court has held that judges are absolutely immune from lawsuits related to the exercise of their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547, 554 (1967); Mireles v. Waco, 502 U.S. 9, 11 (1991). Magistrates also are entitled to absolute immunity for acts performed in their judicial capacity. King v. Myers, 973 F.2d 354 (4th Cir. 1992). However, a judge who acts without jurisdiction, or who has not performed a judicial act, has no absolute judicial immunity. Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349, 356 (1978). In determining whether an act is a judicial act, the court must consider "whether [the act] is [a] function normally performed by a judge" and "whether [the parties] dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. at 362.

In this case, Christopher C. Wilkes is a West Virginia Circuit Court Judge. In addition, Plaintiff's complaint against Mr. Wilkes only concerns actions that Mr. Wilkes undertook in the process of presiding over Plaintiff's criminal trial. Therefore, Mr. Wilkes has judicial immunity and is not a proper defendant in this action.

   C. Gregory Jones

The claims against Gregory Jones should be dismissed because he is protected by prosecutorial immunity. Prosecuting attorneys are absolutely immune from individual liability when performing prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409 (1976); Ostrzenski v. Seigel, 177 F.3d 245 (4th Cir. 1999). For instance, prosecuting attorneys are entitled to

immunity when deciding whether to prosecute, even if the decision to prosecute is malicious. Imbler, 424 U.S. at 427; See Also Wadkins v. Arnold, 214 F.3d 535 (4th Cir. 2000). There is an exception to the absolute prosecutorial immunity rule, however, if the prosecuting attorney acts in the role of administrator or investigative officer, rather than as a prosecutor. Imbler, 424 U.S. at 430. Thus, when a court determines whether a prosecuting attorney is entitled to absolute immunity, it must examine the type of activity performed, not the identity of the individual who performed it. Forrester v. White, 484 U.S. 219, 229 (1988).

In this case, Plaintiff contends that Mr. Jones made a mistake in deciding to prosecute. In addition, Plaintiff contends that, at trial, Mr. Jones coerced witnesses into making false statements. Both of these allegations clearly involve Mr. Jones acting in his role as a prosecutor. Gregory Jones is therefore entitled to prosecutorial immunity and is not a proper defendant in this action.

**D.** Zachary L. Nine

The only remaining defendant is Zachary Nine, the police officer that arrested Plaintiff. The claims against Zachary Nine should be dismissed as frivolous because Plaintiff has no chance of success. In Heck v. Humphrey, the Supreme Court of the United States held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . .

Heck v. Humphrey, 512 U.S. 477, 487 (1994) (footnote omitted). The Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to Plaintiff with respect to his claims against Zachary Nine would necessarily imply the invalidity of his conviction or sentence. Furthermore, Plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff has no chance of success, and his claims are therefore frivolous.

## **Recommendation**

In consideration of the foregoing, it is recommended that Plaintiff's claims against the State of West Virginia, Zachary Nine, Christopher Wilkes, and Gregory Jones be **DISMISSED with prejudice** as frivolous. It is further recommended that the plaintiff's Motion for Appointment of Counsel (Doc. 9), Motion for a Furlough (Doc. 13) and Motion for Evidentiary Hearing (Doc. 15) each be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such

Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED  May 29, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE