**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**EARL D. AMBROSE,**

       Plaintiff,

**v.**                                     **Civil Action No. 2:12-CV-28
(BAILEY)**

**STATE OF WEST VIRGINIA,
ZACHARY L. NINE,
CHRISTOPHER C. WILKES, and
GREGORY JONES,**

       Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**    **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation [Doc. 16] of United States Magistrate Judge John S. Kaull. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Upon his initial review, Magistrate Judge Kaull filed his R&R on May 30, 2012. In that filing, the magistrate judge recommends that this Court dismiss with prejudice plaintiff Earl D. Ambrose's § 1983 Complaint [Doc. 1] as frivolous.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed.  **Thomas v. Arn**, 474 U.S. 140,

150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1);

**Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**,

727 F.2d 91, 94 (4th Cir. 1984).  Objections to Magistrate Judge Kaull's R&R were due on

June19, 2012.  Ambrose timely objected on June 5, 2012 [Doc. 18].  Accordingly, this Court

will undertake a *de novo* review of those portions of the magistrate judge's findings to which

objection is made.  The Court will review the remainder of the R&Rs for clear error.

## II.  <u>Background</u>

On April 16, 2012, Ambrose filed the instant Complaint [Doc. 1] pursuant to 42

U.S.C. § 1983, naming the following four defendants: (1) the State of West Virginia; (2)

Christopher C. Wilkes, Circuit Court Judge in the Twenty-Third Judicial Circuit of West

Virginia ("Judge Wilkes"); (3) Gregory Jones, Assistant Prosecuting Attorney of Berkeley

County, West Virginia ("Prosecutor Jones"); and (4) Zachary L. Nine, West Virginia State

Trooper ("Trooper Nine").  The Complaint contains seven claims arising from Ambrose's

July 2008 arrest and January 2010 trial.

In Claim One, Ambrose claims that Trooper Nine subjected him to false arrest.  In

support of his claim, Ambrose alleges: "[T]rooper stated he arrested me at the scene for

two misdemeanors which was driving revoked for DUI 2nd offense and fleeing in a

vehicle[.] [O]n registration check the vehicle was in another person name and address and

he didn't identity me until one hour later."  ([Doc. 1] at 8).

In Claim Two, Ambrose claims that he has been falsely imprisoned because he "was convicted of crimes that wasn't proven with physical evidence or reliable witness's that I committed." (Id. at 9).

In Claim Three, Ambrose claims he has suffered mental and physical stress. Specifically, Ambrose alleges that his sentence has taken time "from [his] daughter that [he] has full custody of and [he] worr[ies] whats going to happen to her and stress[es] about all the time." (Id.).

In Claim Four, Ambrose claims loss of income. As support for this claim, Ambrose alleges that his "disability stopped so [he] can't provide for [his] daughter and [he] lost [his] chance to go to work at Quad Graphic driving a fork lift." (Id.).

In Claim Five, Ambrose claims defamation of character. In particular, Ambrose alleges the he "was falsely accused of things [he] didn't do and lost the respect and friendship of a lot of [his] community and friends." (Id.).

In Claim Six, Ambrose claims that his arrest and conviction violated the Constitution of the United States. In support of this claim, Ambrose alleges:

> I was used to be a witness against myself and in a criminal case. Also excessive bail was required of me. My bail was set at $106,000.00 for my accused crimes and cruel and unusual punishment was inflicted on me when the trooper forcefully tried to pull me from the vehicle and pepper sprayed me directly in the face and strikeing me on the head that caused head trama, contutions and abrasions to my head when the video will prove he never identified his self as a state trooper or informed me I was under arrest and I was ordered to pay restitution for damage to a police cruiser when I was never charged for the crime.

3

(Id. at 10).

In Claim Seven, Ambrose claims that Trooper Nine committed perjury during trial. Specifically, Ambrose alleges that "the trooper was caught all trough the trail in lies not only by prosecutor Gregory Jones but by [his] attorney Thomas Stanley[.] [A]lso the transcripts will prove this." (Id.).

As relief for these claims, Ambrose seeks $20 million in damages, release from jail, and expungement of his record.

On May 30, 2012, Magistrate Judge Kaull entered the instant R&R [Doc. 16], recommending that this Court dismiss with prejudice Ambrose's § 1938 Complaint as frivolous. Ambrose objected on June 5, 2012 [Doc. 18].

## III.  Discussion

Upon a *de novo* review of Ambrose's § 1983 Complaint, this Court agrees with the magistrate judge that the claims contained therein are frivolous and the same should be dismissed with prejudice.

### A.  State of West Virginia

Magistrate Judge Kaull recommends that the claims against the State of West Virginia be dismissed because a state is not a proper defendant in a § 1983 action. Ambrose objects.

To state a § 1983 claim, a plaintiff must demonstrate that a *person* acting under color of state law deprived him of the rights guaranteed by the Constitution of the United States or federal laws.  *See **Rendall-Baker v. Kohn***, 547 U.S. 830, 838 (1982).  Here,

there can be no question that the State of West Virginia is not a person and therefore is not a proper defendant in this action.[1]   Accordingly, Ambrose's objections should be **OVERRULED** to the extent that they relate to his claims against the State of West Virginia.

### B.   Judge Wilkes

Magistrate Judge Kaull recommends that the claims against Judge Wilkes be dismissed based upon judicial immunity.  Ambrose objects.

As early as 1872, the Supreme Court of the United States already recognized judicial immunity as a firmly rooted principle of law that shields judicial officers from civil suit for actions taken in the exercise of their judicial functions:

> For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Bradley v. Fisher*, 80 U.S. 335, 347 (1872).

In *Bradley*, the Supreme Court further held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 351.  In fact, the bar of judicial immunity can only be overcome in two circumstances.  First, a judge is not immune from liability for their non-judicial acts. *Stump*

---

[1]In addition, this Court notes that Ambrose's request for damages from the State of West Virginia would nevertheless be precluded by the immunity provided by the Eleventh Amendment, *see* **Hans v. Louisiana**, 134 U.S. 1 (1890), which has not been abrogated by § 1983.  *See* **Quern v. Jordan**, 440 U.S. 332 (1979).

*v. Sparkman*, 435 U.S. 349, 360 (1978).  Second, a judge is not immune for actions that, though judicial in nature, were taken in complete absence of all jurisdiction.  *Id.* at 356-57. To determine whether an act is judicial, a court should examine the nature of the act itself. *Id.* at 362.  Specifically, the court should determine whether the act complained of is a function normally performed by a judge.  *Id.*

Neither exception to judicial immunity can be found here by even the broadest construction of the Complaint.  First, Ambrose does not identify an act taken by Judge Wilkes that was not judicial in nature.  Second, Ambrose has not alleged that Judge Wilkes took any acts in the complete absence of jurisdiction.  As such, Judge Wilkes is immune from Ambrose' claims.  Accordingly, Ambrose's objections should be **OVERRULED** to the extent they relate to his claims against Judge Wilkes.

### C.    Prosecutor Jones

Magistrate Judge Kaull recommends that the claims against Prosecutor Jones be dismissed based upon prosecutorial immunity.  Ambrose objects.

In ***Imbler v. Pachtman***, 424 U.S. 409 (1976), the Supreme Court of the United States held that, "in initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under § 1983."  *Id.* at 431.  In so holding, the Court made clear that this immunity is absolute because "qualifying a prosecutor's immunity would disserve the broader public interest [by] prevent[ing] the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system."  *Id.* at 427-28.  Finally, in "delineat[ing] the boundaries of [its] holding," the Court explained that this absolute immunity protects a

prosecutor's activities that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430.

In the instant case, Ambrose has failed to identify an act taken by Prosecutor Jones that was not intimately associated with the judicial phase of the criminal process. As such, Prosecutor Jones is entitled to prosecutorial immunity. Accordingly, Ambrose's objection should be **OVERRULED** to the extent that they relate to his claims against Prosecutor Jones.

### D.    Trooper Nine

Magistrate Judge Kaull recommends that the claims against Trooper Nine be dismissed as frivolous. Ambrose objects.

A claim is frivolous if it is without arguable merit either in law or in fact. *See* ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). As relevant to Ambrose's claims against Trooper Nine, the Supreme Court of the United States has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . ..

***Heck v. Humphrey***, 512 U.S. 477, 487 (1994) (footnote omitted). According to the ***Heck*** Court, this requirement was necessary to prevent a criminal defendant from collaterally

attacking his conviction through a civil lawsuit.  *Id.* at 484.

Here, Ambrose has failed to allege that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Instead, Ambrose improperly attempts to collaterally attack his conviction by means of a civil lawsuit.  As such, Ambrose has failed to comply with the holding in *Heck*.  Accordingly, Ambrose's objections should be **OVERRULED** to the extent that they relate to his claims against Trooper Nine.

## IV.    Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 16]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Further, Ambrose's Objections **[Doc. 18]** are **OVERRULED**.   Accordingly, Ambrose's § 1983 Complaint **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE**.   In addition, Ambrose's Motion for Appointment for Counsel **[Doc. 9]**, Motion for a Furlough **[Doc. 13]**, and Motion for an Evidentiary Hearing **[Doc. 15]** are hereby **DENIED AS MOOT**.  As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the defendants and strike this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** Ambrose a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: July 9, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE